HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER W. ANDREASEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | CASE NO. 13-cv-5612 RBL<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

THIS MATTER is before the Court on Plaintiff Christopher Andreasen's Alternative Motion to Supplement the Record and to Reverse and Remand. Andreasen applied for, and was denied, disability benefits by an ALJ in May 2012. The Appeals Council denied his request for review of the decision in May 2013, and Andreasen filed a complaint in this Court, seeking judicial review of the ALJ's decision.

Meanwhile, Andreasen re-applied and was awarded disability benefits in June of 2013. That decision was largely based on a new medical examination, which noted moderately severe neck impairment and markedly severe low back impairment. Andreasen now moves to supplement the record with the documentation of the later favorable decision, and remand for further proceedings to determine if the two decisions are reconcilable or inconsistent.

Andreasen cites *Luna v. Astrue,* 623 F.3d 1032 (9th Cir. 2010) to support his contention that remand is appropriate in light of the subsequent favorable decision. A district court may remand a case to the Social Security Commissioner if there is new and material evidence that could have potentially affected the prior determination. 42 U.S.C. § 405(g); *Luna*, 623 F.3d at 1034. In *Luna,* the plaintiff was awarded benefits on her second application, but the Notice of Award notes a finding of disability only one day after she was deemed not disabled in her first application. The "immediate proximity" between the two findings made remand the appropriate remedy to determine the basis for the inconsistency. *Id.* at 1035.

*Luna* is factually distinguishable from this case because the two decisions are easily reconciled. More than a year separated the original denial of benefits and the subsequent benefits award, so this case lacks *Luna*'s temporal proximity. Furthermore, Andreasen's later benefits award was based on new medical evidence and new disabilities that did not exist or were far less severe at at the time of his first application. There is no reason to conclude that the later award would have any bearing on the initial denial.

The Court adopts the Report and Recommendation of Magistrate Judge J. Richard Creatura affirming the denial of disability benefits from Andreasen's first application. Andreasen's Motion to Supplement the Record and to Reverse and Remand is **DENIED**, and the case is dismissed.

Dated this 26th day of July, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE